James Kevin Ruppert 32293
Full Name/Prisoner Number
Northeast New Mexico Detention Facility
185 Dr. Michael Jenkins Rd.
Clayton NM 88415
Complete Mailing Address

**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 18 2013

MATTHEW J. DYKMAN
CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

Civil Action No. 13-54 JP/ACT
(To be supplied by the Court)

James Kevin Ruppert 32293
_____, Plaintiff(s),

Full name(s) and prisoner number(s)
(Do not use *et al.*)

v.

New Mexico Department of Correction = See attached Page
Guadalupe County Correctional Facility = see attached Pg Defendant(s).
(Do not use *et al.*)

## PRISONER'S CIVIL RIGHTS COMPLAINT

### A. PARTIES AND JURISDICTION

1. James Kevin Ruppert is a citizen of New Mexico who
(Plaintiff)                                        (State)

presently resides at NENMDF 185 Dr. Michael Jenkins Rd.
Clayton, New Mexico 88415 (See attached Page) .
(mailing address or place of confinement)

2. Defendant Gregg Marcantel etal is a citizen of New Mexico
(name of first defendant)                            (State)

whose address is See Attached Page ,

and who is employed as Secretary of Corrections . At the time the claim(s)
(title and place of employment)

alleged in this complaint arose, was this defendant acting under color of state law?
X Yes ____ No. If your answer is "Yes," briefly explain:

See Attached Page

## Jurisdiction and Venue

This is a civil action authorized by 42 U.S.C. Section 1983 To redress the deprivation, under color of state law, of rights secured by the Constitution of the united states.

The Court has Jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant To 28 U.S.C. Section 2201 and 2202.

Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

Will invoke 28 U.S.C. Section 414, Transmittal of books To Successors and 28 U.S.C. Section 451 Definitions under Term of "Department" and or "Agency".

## Relief Allowed chapter 163 and 85

28 U.S.C. 2461 = Fines, Penalties
28 U.S.C. 2463 = Deprivations Restored
28 U.S.C. 2465 = Return of Constitutionality

## chapter 85

28 U.S.C. 1357 = Injuries under federal laws
28 U.S.C. 1361 = Actions To Compel

## Important Note

Denied the ability of adversarial Testing To adequately, effectively and meaningfully present Constitutional issues To the Court and or Violations Thereof _ _ _ is simply Denied.

1-A

## Plaintiff, Jurisdiction

I James Kevin Ruppert is and was at all times mentioned herein a prisoner of the state of New Mexico in the Custody of the New Mexico Department of Corrections.

He is Currently Confined in NorthEast New Mexico Detention facility in Clayton, New Mexico 88415, a GEO Group Inc. private SubContract municipal Corporation in the state of New Mexico.

Corporate Disclosure statement identifying the Parent Corporation of:

> The GEO Group, Inc.
> One Park Place, Suite 700
> 621 Northwest 53rd street
> Boca Raton, FL   33487

Name of:   Stephen V. Fuller, Senior Vice President
or unnamed equivalent

Has overall authority of:

Guadalupe County Correctional facility   (GCCF)
P.O. Box 520   Exit 3B
South Highway   54
Santa Rosa, New Mexico   88435


New Mexico Department of Corrections
Executive Branch at P.O. Box 27116
Santa Fe, New Mexico 87504, has
Facade Policies and dereliction of
( Derelict- official Act) that allows
GCCF To forsake prisoners Constitutional
rights.

## Defendants New Mexico Dept of Corr.

Gregg Marcantel, Secretary of Corrections or equivalant

Jerry Roark, Deputy Secretary, or equivalant

Ralph Casaus, Grievance, Administrative Judge or equivalant

For New Mexico Department of Corrections of the state of New Mexico. Has the legal responsibility for the overall operation of the Department and each institution under its Jurisdiction, including The Private Subcontract municipal corporation of GEO Group Inc. in the state of New Mexico.

New Mexico Department of Corrections Acts under Color of state law "yes".

Explanation :

   First Amendment overbreadth doctrine Creates policy To Actively interfere with the fourteenth Amendment Due Process right and allows prison officials To threaten inmates that exercise Constitutional protected Activity in order To Cover intrinsic Fraud.

   Fifth Amendment state Created liberty interest in rehabilitation that the penological forsakes in order To pocket funds also Violates rehabilitation Act.

Note: Dept of Corr has no policy Criteria for the life Sentence that has parole eligible Due To Breach of Criminal law.

   Explains why the Active interference To impede adequate, effective and meaningful pleadings to the Court exists.

ADDress : New Mexico Department of Correction
            Adult Prisons Division
            P.O. BOX 27116
            Santa Fe, New Mexico 87502-0116

Defendants = Guadalupe County Correctional Facility
Santa Rosa, NM 88435
GEO Group Inc. = Private Subcontract Municipal
Corporation, State of New Mexico.

1. Warden Erasmo Bravo, Custodian

2. Deputy Warden Ulibarri, Internal Affairs &
Special investigations, Custodian

3. Captain Phil Aragon

4. Lieutenant Justin Rodgers, Security threat intelligence unit

5. Lieutenant J. Vigil, Disciplinary / Grievance officer

6. Sargeant Rivera, Disciplinary

7. Sargeant Torella, Original threat started

8. Mailroom Supervisor C. Chavez

9. Compliance Monitor G. Chavez

Defendants Act under Color of State law "yes".

Explanation: Grievances Exhausted under 42 U.S.C. 1997 (e) (a)
will establish Federal Violations.

Federal Violations of Fiduciary Mail fraud, Keeplock status,
Creates false disciplinary reports, life endangerment threats, false
log enteries of out going legal mail to stop access.

Disciplinary officers destroys evidence, Wardens are aware
of suborinates federal Violations with executive branch Dept. of
Corr. with nexus knowledge on how to cover unlawful activity
or Constitutional Violations.

Genuine issue of material fact exists that Violated Plaintiff's rights
under first and fourteenth Amendments by taking adverse action against
plaintiff in retaliation for protected speech of Political, Social and
Public Concerns, Rehabilitation - Public Safety Just Forsaken . . .

1 - D

3. Defendant _Erasmo Bravo        eTal_ is a citizen of _New Mexico_
(name of second defendant)                          (State)

whose address is _See  aTTached  Page_

and who is employed as _Warden, CusTodian_. At the time the claim(s)
(title and place of employment)

alleged in this complaint arose, was this defendant acting under color of state law?
__X__ Yes _____ No. If your answer is "Yes," briefly explain:

_____ _See Attached  Page_

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

(CHECK ONE OR BOTH:)
XXXX Jurisdiction is asserted pursuant to 42 U.S.C. § 1983 (for state defendants) or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (for federal defendants).
XXXX Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

_DisTricT of New Mexico, Venue under 28 U.S.C. SecTion 1391 (b) (2)_
_See TiTle Page of and or JurisdicTion & Venue  attached Page_

## B. NATURE OF THE CASE

**BRIEFLY** state the background of your case.

_as sTaTed in addiTional Pages " B. NaTure of the Case "_

_See SecTion 2-A_

## C. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

**Claim I:** _FirsT AmendmenT overbreadth DocTrine_
_FirsT AmendmenT To receive informaTion, law books To read and research_
_28 U.S.C. 414 ViolaTed  Denied phonebook To ConTacT Counsel and Denied_
_appropriaTe Grievance redress, invesTigaTion from DepT of Corr. To CorrecT_
_Federal ViolaTions._

2

## B. Nature of the Case

First Amendment Overbreadth Violation when Voiced Concerns about life after parole on life Sentence. Free Speech involved political and Social Concern which Touched on breach of Criminal law, because Dept of Corr. has no policy Criteria for thirty year life Sentence with parole eligible.

Active interference To stop exposure of intrinsic Fraud on the fact that in 1978 legislation repealed all life Sentence Statutes then Covered it up with illegal enacted parole Statute of 1980, 31-21-10

Plaintiff voiced of Serious Concerns only To encounter life threats, stop outgoing legal mail with Keeplock Confinement Violations.

In first Civil Complaint CIV-109-138-MV-LFG Doc. 73 the Court disregarded Doc. 76. which only openned the door for prison official To Continue to have adverse Conduct against Plaintiff.

LT. Justin Rogders on August 28th 2012 stop outgoing legal mail then Placed Plaintiff in Segregation without probable Cause.

LT. Justin Rodgers Created disciplinary report To Cover up the Federal Violations involved with the Aide of all listed parties of Guadalupe County Correctional facility.

As a result August 28th and 31st 2012 Plaintiff initialed Six Grievances then LT Rodgers wrote report on Sept. 5th 2012 with legal mail of postdates of 31st 2012 which have been destroyed by LT. Vigil and Sargent Rivera. With the acknowledgment of Warden Bravo and Deputy Warden Ulibarri also included is Compliance monitor Ms. chavez with mailroom Supervisor Ms. chavez who enters false outgoing legal mail enteries in order to have Such mail disappear.

Captain Phil Aragon and Sargent Torello approves of life threats in order to deter plaintiff from exposuing the issues.

Note Twenty Two Grievances have been exhausted with Several more Grievances still pending.

The Temporal Proximity of Retaliation, threats
Deprivation of Rights in Response of Grievances with
Exercise of Constitutional Rights Caused actual injury
In Three Aspects.

1. Active interference with no person Trained in the law
To assist in initial Pleadings or filings.

No adequate, effective and or meaningful legal books To
Construct adequate pleadings To meet any adversarial
Testing Ground which in effect prejudice Plaintiff.
also Violates 28 U.S.C. 414 and 28 U.S.C. 451

2. LT. Rodgers stop outgoing legal mail which prejudice Plaintiff
To Construct legal pleading for the U.S. Supreme Court
August 28th 2012 legal mail stop Plaintiff had a Conference
on Sept. 24th 2012 on Certiorari. If granted would require
a brief if denied, then would require Plaintiff to file
petition for the rehearing Supreme Court Rule 44.
legal letter was to obtain Knowledge on blatant Ceorcion
so either way was denied access to the U.S. Supreme Court

3. Physical injury that Plaintiff Suffered with wardens approval
and Dept. of Corr. executive branch approved of Such Conduct.

## The Temporal Proximity of events

January 27th 2010 Case CIV-09-138-MV-LFG Service of Process
Completed Phil Aragon which made prison officials realize Plaintiff
was Serious on federal redress of issues which created the
following events.

February 2nd 2010 C/o Solis and C/o Byrd, Sgt. Aragon claimed
Plaintiff threaten an officer, To Create a Cell change, Present Cell
H-1-D 210 (GCCF) from Nov. 2003 To move Ruppert To Segregation

" Pre Hearing Detention" PHD, Suppose To maintain Current Cell assignment for 72 Hours, but policy not Followed. Note: Prison on lockdown status.

Feb. 5th 2010 Released From Segregation, moved To H-1-D 202 with Cellmate christopher Joe 64607

Feb 9th 2010 Threat of Contract Hit [Doc 73] Case CIV-09-138-MV-LFG So the stage was set did not Know christopher Joe 64607 who works with Correctional officers would be the one To Carry out assault.

April 7th 2010 Filed [Doc. 73]

April 12th 2010 received Frivolous Settlement offer, which was refused

April 19th 2010 4Am Ruppert was Viciously attacked, while sleeping

April 23rd 2010 christopher Joe 64607 was released from prison

Note Prison officials did not investigate like they already Knew, but did not Care, intent was To hurt attack Ruppert, The massage was clear to deter from pursuing Civil rights Complaint.

May 14th 2010 [Doc. 76] Courts abuse of discretion by not addressing issue.

liberal threats made by C/o Torello insinuating bodily harm materialized on April 19th 2010 4AM while sleeping " christopher Joe " was released from prison on April 23rd 2010.

after premeditated and unprovoked assault, The unscathed assailant boasted of his immunity from prosecution, christopher Joe 64607 stated " they won't do me anything for beating the fuck out of you.

By Tacit or Formal approval, or rewarded by unknown means

Now Lt. Justin Rodgers wants to employ the Same Tactics.

2-C

upon information and belief:

LT. Rodgers in March 2012 Tried To employ inmates To attack me, found this out in June 2012 when an older haspanic man informed me of this and he wanted To Know why and I explained the lawsuit. Plaintiff was Seeking the forms of Certiorari to file in the U.S. supreme Court.

LT. Rodgers was worried that if the U.S. Supreme Court reviewed the record that Rodgers is going To prison from Tampering with legal mail.

Certiorari was dockated May 11, 2012   Conference hearing was set for Sept- 24, 2012

Lt. Rodgers stop out going legal mail on August 28th 2012 Then 35 minutes later placed Plaintiff in segregation to impede access To present issues which did stop Plaintiff from presenting a blatant Ceorcion issue so had to present a different issue of breach of Criminal law.

Aug. 28th to Sept 20th 2012  Keeplock Violation no reason for the detention.   Sept. 5 2012 LT. Rodgers wrote a Created disciplinary report with fabricated evidence then disciplinary LT. destroyed the evidence with Sargeant Rivera. and LT Vigil disciplinary

Note LT. Rodgers is brother To Sister Sargeant Rivera and LT. Vigil is ex-wife To LT. Rodgers. (family affair)

Oct 8th 2012 was Sanction To 45 days To Segregation until Nov. 21 2012 Then another major report was write to Keep me in Segregation

on Dec. 3rd 2012 a Mr. Keith miller State Auditor Came around and I explained the Situation he took Some notes and immediately was Transfered on Dec 4th 2012 To Clayton NM.

Twenty Two Grievances will prove the facts of threats, Federal Mail Fraud, illegal retaliation Segregation and this is Just the start.

attorney is requested because Some of the issues are Technical all name parties will be proven To Violate federal law or Constitutional Violations.

2 - D

New Mexico Department of Corrections under
Gregg Marcantel, Secretary of Corrections
Jerry Roark, Deputy Secretary

Create Policy, Gregg Marcantel, Apply Policy, Jerry Roark,
Ralph Casaus, Administrative Judge Circumvents Situations
To Justify unlawful conduct with legality of facial policy, but
as applied is unconstitutional.

Case in Point  Policy CD-080103 Title Risk Assessment Procedure.
Page Two (3) "Inmate/Admissions of Guilt" allows LT. Rodgers
To write on misconduct reports "Inmate admits to offense"
therefore strips any due process To present Collateral attack.

Once an officer writes inmate admits even if inmate did not
admit, still denies any objection To Such a practice.
therefore violates any due process of such procedures.

also policy as written is rational deprivation rehabilitation

First Amendment Overbreadth Doctrine Disciplinary Sanctions
B (38) has improper legal assistance on legal claims
No persons Trained in the law To assist inmates
No adequate, effective, meaningful legal books To allow inmates
To Construct Habeas Corpus 2254 or 42 U.S.C. 1983 Conditions
of Confinement.

Create Policy for active interference:

To be Cognizable, interference with First Amendment associational
rights must be direct and Substantial or Significant.

Protects the right To receive information and ideas, read and
research legal principles of law, So To remove is To strip
The Constitutionality out of the Penological state wide.

Constitutional right of access To the Courts is grounded in the
Privileges and immunities clause.

2-E

<u>NO Rehabilitative Criteria for the 30yr life Sentence</u>

Because legislation, In 1977: 1977 law, chapter 216, Section 17
Appealed : "Repeal Sections 40A-29-1 through 40A-29-3.1,
on Death Penalty in which life Sentence was a Substitute in
place thereof . .".

legislation never enacted any penalty on life Sentence To Separate
from the death Penalty clause or passage of bill in the Singular
To authorized the State's Judicial Article to impose Such a penalty,
or never enumerated for the Judicial Article.

Dept. of Corr. has all done away with except a Small (Very
Small Section) of NMSA 33-8-3 Corrections Industries Act.

<u>First Amendment Overbreadth Doctrine Covers</u>

<u>New Mexico's Bill of Rights  Art 2 § 17  NM Const Art 14 & 1 and 20 § 5</u> Art.

Freedom of expression for change of character beneficial
for political, Social and or Public interest of great public
importance is denied To the offender which Create rational
deprivation rehabilitation, as a result recidivism is extremely high
and public Safety forsaken.

Because Dept of Corr. and GEO Group Inc. (GCCF) is using Crime
To produce a Commodity To feed the private prison Sector
GEO Group Inc. State of New Mexico, in order To Maintain the
financial Structure and the private prison disciplinary department
process's a high rate of disciplinary misconduct reports To deprive
of rehabilitation and enhance ones Sentence.

upon discovery the ~~rehabilitaion~~ rehabilitation Act that
requires federal funds is more then likely Violated.

2- F

## New Mexico's Constitution

Article 14 § 1 State institution : Penitentiary is Constitutional institution.

Article 20 § 15 Penitentiary inmate : The Penitentiary is a reformatory and an industrial school.

New Mexico's Constitution, not only its Violated, but Forsaken Too! legislation responsibility is Constitutional See Article 2 § 23 Construction of Constitutional rights, again "Forsaken".

But New Mexico Supreme Court (strict Scrutiny) lacks Jurisdiction NMSA 31-20A-4 because no pertinent life Term statutes for Judiciary structure or executive branch (Dept. of Corr.) exist To Formulate rehabilitation that necessitates a different Type of release program then that used with non-lifers, and this distinction is Constitutional .

NMSA 33-8-3 Corrections Industries Act Can be structured To be Financially Self-Supportive of and financial Substructure To Cover rehabilitative Costs.   Pay reasonable Compensation and still Turn a profit providing prison officials don't pocket the funds and make the prisoner suffer for it.

One Solution ?

Is mandate a 35 maximum year Cap would in fact Create a projected release date, unalterable that would mandate New Mexico Dept. of Corr. To open up all programs To the life Sentence, once the offender is within the Ten year margin of parole eligible .

## Adjudication Issue

The Plaintiff has no plain, adequate or Complete remedy at law To redress the wrongs described herein.

Plaintiff has been and will Continue To be irreparably injured by the Conduct of the defendants unless this Court grants the declaratory and injunctive relief which Plaintiff Seeks.

Civ-09-138-MV-LFG has injury in fact for no adversarial Process of research and the Courts abuse of discretion To address [Doc. 73] resulted in additional threats of life endangerment See [Doc. 76].

2-G

## legal Claims

First and Fourteenth Amendment of free Speech with Threats To deter, Due process thats denied by not having adequate legal books of Access 28 U.S.C. 414 and 28 U.S.C. 451.

Fifth Amendment by being denied State Created liberty of rehabilitation under NMSA 33-8-3 Corrections Industries Act. overbreadth principle of denial, beneficial for Social change of Public interest.

Eighth Amendment Death Threats for Seeking Constitutional protected activity of political and Social Public Safety Concerns, which expose deprivation rational under Title of Particularly deferential authority to Commit fraudulent Acts under prison administrators regulatory Judgment that allows free reign of abuse with fabrication of Consequence's To Justify deprivations.

First Amendment overbreadth Doctrine To impede incarcerated mens right of adequate Judicial adjudication of issues To present.

And public interest of rehabilitation of offenders beneficial for both political and Social change.

## Breach of Criminal law

No statutory framework or Penalty statute for life imprisonment which Creates exceedingly rare excrement of Constitutional framework of principles of unreasonable application that lacks (state) Jurisdiction.

## Enlargement Notation

This 42 U.S.C. 1983 is about finality of Sentence and, and with Conditions of Confinement, but must examine Jurisdiction and legislative encroachments of both the Judiciary and executive To establish Violations of Two principles of law.

2-H

<u>Correction of inconsistent indigency classification</u>
<u>Policy's Twelve dollar threshold deprives of legal</u>
<u>Supply's  or denied purchasing hygienic Supplies.</u>

Indigency Substandard so low on Job Compensation, fails to accommodate those inmates who have no money to purchase legal Supplies when they are needed.

legality of facial policy is unconstitutional as applied.

Indigency increase would be beneficial for the following reasons,

No motivating factor, instead of being beneficial for rehabilitation is physiologically and emotionally determental to our lively hood.

Extra-Curricular measures are endemic for any preceived infraction (Contradiction) of intra-mural, prison Security; whose ends (means), Justify their end.

Inmates (Plaintiff) are left in a state of aggravation for the simple reason, If prison officials leaves an inmate assigned to a pod porter.  Knowing that inmate has no outside financial help.

This by itself is a form of retaliation against any inmate that the prison administration does not like. Creating atypical and sufficient hardship.  By not allowing said inmate to even buy a pair of shoes, T-shirts, socks or even hygiene when needed,

let alone proper necessities or legal Supplies. So the indigency standard needs to increase to allow appropriate legal Supplies for adequate access.

New Mexico Dept of Corr. used a 9th Cir. Case lewis V. Casey to remove the law library so have New Mexico Dept. of Corr. use the 9th Cir Case of Gluth V. Kansas 834 F.supp. 1553 to reinstate appropriate indigency standard of forty six dollars.

2-I

C. Count III: Indigency Policy

14

Under the Department's indigency policy, an inmate may apply for indigency classification if his prison account balance is less than $12 and his income from all sources during the previous thirty day period has not exceeded $12. We agree with the district court's conclusion that this policy, which according to uncontroverted facts forces inmates to choose between purchasing hygienic supplies and essential legal supplies, is "unacceptable."

15

The uncontroverted facts show that it costs at least $46 to purchase necessary personal items and legal supplies and that inmates must purchase hygiene items to avoid punishment under prison regulations. Thus, the inmates have demonstrated that the indigency policy's $12 threshold, which has been in effect since 1983 and has never been increased, fails to accommodate those inmates who have no money to purchase legal supplies when they are needed. See Souder v. McGuire, 516 F.2d 820, 824 (3d Cir.1975); Temple v. Ellerthorpe, 586 F.Supp. 848, 851 (D.R.I.1984). The district court properly concluded that the Department's indigency policy, which does not allow inmates to purchase required hygiene supplies as well as the legal supplies necessary to litigate their claims, is inconsistent with the constitutional requirements stemming from Bounds.2

2-J

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

**Claim II:** Fifth Amendment right State Created liberty of rehabilitation To participate in 33-8-3 Corrections Industries Act is denied

thats beneficial for political and or Social change of Public interest

Supporting Facts: Dept. of Corr. Creates policy of facial legality but is unconstitutional as applied.

Guadalupe County Correctional Facility warden Bravo, and Deputy warden Ulibarri under Custodianship allows Federal Violations of Keeplock Confinement Violations no probable Cause for the retention Threats, Death Threats and legal mail Tampering of LT. Justin Rodgers of S.T.I.U. "Security Threat Intelligence Unit" Lt. Rodgers Job Title S.T.I.U.

Captain Phil Aragon helps Lt. Rodgers to Cover up Violations with LT. Vigil, and Sargeant Rivera, disciplinary officers destroys evidence that proves one not guilty of disciplinary reports this Could also be eighth Amendment Violation too.

Mailroom Supervisor MS. Chavez, enters false log entries of out going legal mail in order To Cause Such mail To disappears.

Compliance monitor Ms. Chavez Covers up fraudulent Federal Violations of all involved of unlawful misconduct.

Sargeant Torello, and Capt. Aragon with LT. Rodgers threats of life endangerment.

The issue of C/o Torello was never addressed in prior Suit is what allowed the more recent threats to occur.

Grievances Filed and exhausted To prove the facts (Twenty Two - Grievances) with Several more still pending or should Say prison officials have stalled To avoid the issues.

3

**Claim III:** First and Fourteenth Protects prisoners To associate Together and To advocate and promote legitimate deprivations of Controversial political, Social or economic action with denied Due process under Constitutional - inadequate process Cannot meet any adversarial Process for Citation and or adequately **Supporting Facts:** research To present Violations or legal Verbatim.
↓  ↓

New Mexico Dept. of Corr. with GEO Group Inc. GCCF Depends on legal books deprivation To impede Access and Continue To Violate 28 u.s.c. 414 Federal Statute to have legal books in prison library.

## D.  PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? x x Yes _____ No. If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E.   PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

a.  Parties to previous lawsuit:

Plaintiff(s): _James  Kevin  Ruppert_

Defendant(s): _Erasmo  Bravo,  Warden  eTal_ (Court dismissed and allowed To proceed) claim on Capt. Phil Aragon

b.  Name and location of court and docket number  u.s. District Court, Albuquerque, New Mexico CIV-09-138 MV LFG-2

c.  Disposition of lawsuit.  (For example, was the case dismissed?  Was it appealed?  Is it still pending?)
Failure To exhaust administrative remedies,  Appeal Denied

d.  Issues raised: retaliation First Amend.

e.  Approximate date of filing lawsuit: _February  11ᵗʰ  2009_

f.  Approximate date of disposition: Tenth Circuit February 28ᵗʰ 2012  Denied

2.   I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D. xx Yes _____No.

If your answer is "Yes," briefly describe how relief was sought and the results.
Completed exhaustion with prison officials Created New incidenT Aug. 28ᵗʰ 2012 of retaliatory, threats with Keeplock Segregation Violation, filed multiple Grievances This Time exhausted under 42 u.s.c. 1997 (e)(a) (PIRA)

3.  I have exhausted available administrative remedies. xxx Yes _____ No.  If your answer is "Yes," briefly explain the steps taken.  Attach proof of exhaustion.  If your answer is "No," briefly explain why administrative remedies were not exhausted.  Twenty Two (22) Grievance Appeals aTTached  See ParT B of Grievance Procedures exhausted To Comply with 42 u.s.c. 1997 (e)(a) PLRA with Active interference with PlainTiff's aTTempts To prepare and file legal documents.

4

## E.  PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1.  If you are proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in a court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  Please describe each civil action or appeal.  If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "F.  PREVIOUSLY DISMISSED ACTIONS OR APPEALS."

a.  Parties to previous lawsuit:

Plaintiff(s): _James  Kevin  Ruppert_____

Defendant(s): _Captain  Phil  Aragon  Court  retricted  Suit  To  only  one_
_defendant  which  was  Secondary  issue._

b.  Name and location of court and docket number _U.S. District Court Albuquerque, New Mexico_
_CIV-09-138 MV LFG_

c.  Grounds for dismissal:  ( ) frivolous ( ) malicious ( ) failure to state a claim upon which relief may be granted.  _Failure To exhaust administrative remedies, No legal books_

d.  Approximate date of filing lawsuit: _February 11th 2009_

e.  Approximate date of disposition: _Tenth Circuit February 28th 2012 Denied_
_U.S. Supreme Court Certiorari  Oct. 1, 2012  Denied_
_Petition for the rehearing  Nov. 26th 2012 Denied_
_Note: Prison Created New incident with unaddressed issue of prior Suit._

2.  Are you in imminent danger of serious physical injury? XX Yes ____ No. If your answer is "Yes," please describe the facts in detail below without citing legal authority or argument.
_Danger - Creation doctrine = Dangerous Perilous; hazardous; unsafe possible Transfer of Dept. of Corr. back To Guadalupe County Correctional facility where life endangerment exist by Several officers. LT. Justin Rodgers, S.T.I.U. Capt. Phil Aragon and (Sargeant Torello = Prior incident) with executive branch Dept. of Corr. Fully aware of Death threats with wardens of GCCF._

## G.  REQUEST FOR RELIEF

I request the following relief:

_See additional Pages Titled " Relief Requested "_

_See Section  5 - A_

Relief Requested :

Seventh Amendment Request for Trial by Jury on Civil issues presented therein, issues Triable by Jury.

a declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the united states.

a preliminary and permanent injunction ordering defendants To reinstate 28 u.s.c. 414 of adequate legal books with the reinstatement of NMSA 33-8-3 Corrections Industries Acts for New Mexico Dept. of Corr. with GEO Group Inc. To implement for all incarcerated men in the state of New Mexico and come into Compliance of federal mandate of the statutory standards of access to the Court Gluth V. Kangas 773 F.supp 1309

Each defendant is sued individually and in his or her official Capacity. At all times mentioned in this Complaint each defendant Dept. of Corr with and or GEO Group Inc. acted under the Color of state law.

Compensatory damages in the amount of fifty thousand dollars against each defendant, Jointly and Severally.

Punitive damages in the amount of one million and six hundred and fifty thousand against each defendant.

 Doc. 73 = Civ-09-138-MV-LFG has intention (intent) To injure with administrative Malfeasance.

Vindictive damages : May be allowed for Trying To break one's spirit, as punishment of a quasi- Criminal character.

Exemplary damages : are allowed as punishment for acts of fraud, with intentional violation of anothers rights with determination of bad intent.

Punitive damages : are proper when acts of spirit of mischief, or Criminal indifference To Civil obligations have been assessed on evidence of such willfullness, recklessness or wickedness as amounted To Criminality, see (Smith V. Wade 461 u.s. 30 103 S.cT 1625)

5- A

Relief Requested :

Adjudication of that entire want of Care which would raise the presumption of a Conscious indifference To Consequences meaning that the prison administration GEO Group Inc. with New Mexico Dept. of Corr. Thinks its above the law with extreme Careless attitude Towards incarcerated mens privileges Secured within The united states Constitution.

For injuries resulting From a neglect of duties, in the discharge of which the public is interested, including liability for "Criminal indifference" To the general Public, Civil obligations.

For this reason plaintiff request out-of-state Transfer To either Minnesota or Oregon state any state not requested by plaintiff would be a retaliatory act or any in state Transfer not requested would be a retaliatory act by Dept. of Corr. New Mexico.

Review of Doc. 73 has detailed relief requested for out-of-state Transfer.

Plaintiff's Costs in this Suit and or Defendants Cover Costs of Suit, reimburse for filing fees, Postage and photoCopy charges Plus mandate To reduce photoCopy charge To Five Cents per page because of indigency.

## Jury Trial Issues

1. Speech Consisting of a threat To Kill or injure is proscribable Consistent with the first Amendment so long as Jury determines that threats falls outside realm of public dialogue. Does Violate First Amend. if it makes its choice among permissible options based on desire to get even with or punish person who Sued.

2. In view of evidence warranting Jury's findings that actual threats were Communicated directly To the Subject of the threats, actions of defendant

3. The First Amendment allows the evidentiary use of speech To establish the elements of a Crime or To prove motive or intent.

5-B

Relief Requested:

4. Ordinarily a party may not facially challenge a regulation on the ground that it would be unconstitutional if applied to someone else, But an exception to this rule is the overbreadth doctrine in First Amendment Case's.

5. First Amendment retaliation claim detailed the surrounding events and provided the substance as well as relevant dates. The allegations showed that prisoner engaged in Constitutionally protected speech and that the speech was causally connected to the retaliatory acts, and thus provided fair notice of the claims.

Any additional relief this Court deems just, proper, and equitable

Dated: Jan 14th 2012    James Ruppert

Respectfully Submitted,

James Kevin Ruppert 32293
NorthEast New Mexico Detention Facility
185 Dr. Michael Jenkins Rd.
Clayton, New Mexico  88415

## Verification

I James Kevin Ruppert have read the foregoing Complaint and hereby verify that the matters alleged therein are True, except as to matters alleged on information and belief, and, as to those, I believe them to be True. I Certify under penalty of perjury that the foregoing is True and Correct.

Executed at NorthEast New Mexico Detention Facility, Clayton, New Mexico on Date Jan 14th 2012

Signature    James Ruppert
James Kevin Ruppert

5-C

**Prisoner's Original Signature**

*James Rippert*

Original signature of attorney (if any)

_____

_____

_____

Attorney's full address and telephone

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _NorthEast New Mexico Detention Facility_ on _Jan. 14th 2012_
        (location) _Clayton, NM 88415_       (date)

*James Rippert*
**Prisoner's Original Signature**

OFFICIAL SEAL
CHERYL FRAZIER
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 12/16/14

*Cheryl Frazier* 1/14/13

6