IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES KEVIN RUPPERT,

    Plaintiff,

v.                                                                               No. CV 13-0054 JP/ACT

NEW MEXICO DEPARTMENT OF CORRECTIONS,
GUADALUPE COUNTY CORRECTIONAL FACILITY,
GEO GROUP INC.,
GREGG MARCANTEL, SECRETARY OF CORRECTIONS,
JERRY ROARK, DEPUTY SECRETARY,
RALPH CASAUS, GRIEVANCE, ADMINISTRATIVE JUDGE,
WARDEN ERASMO BRAVO,
DEPUTY WARDEN ULIBARRI,
CAPTAIN PHIL ARAGON,
LIEUTENANT JUSTIN RODGERS, SECURITY THREAT
INTELLIGENCE UNIT,
LIEUTENANT J. VIGIL, DISCIPLINARY/GRIEVANCE OFFICER,
SARGEANT RIVERA, DISCIPLINARY,
SARGEANT TORELLA,
MAILROOM SUPERVISOR C. CHAVEZ,
COMPLIANCE MONITOR G. CHAVEZ,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be

futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint names fifteen Defendants and raises three Claims under the First, Eighth, and Fourteenth Amendments (p. 14). Numerous allegations are repeated in the three Claims. In his multi-part Claim I for First Amendment violations, Plaintiff alleges that Defendant Rodgers interfered with his litigation activities by intercepting mail that he was attempting to send to the Supreme Court. Defendant Torello allegedly threatened him with bodily harm and allowed another inmate to assault him. Plaintiff also alleges that, in further retaliation for his litigation activities, Defendant Rodgers, in collusion with Defendants Rivera and Vigil, fabricated disciplinary reports which were used to place Plaintiff in segregation.

In addition to these retaliation claims, Defendants Corrections Department and GEO Group allegedly use disciplinary actions pretextually to extend sentences and increase private profit. Plaintiff asserts that New Mexico statutes are hostile to rehabilitation of life-term convicts, and that he is denied adequate access to legal materials. In Claim II of the complaint, Plaintiff contends that his exclusion from rehabilitation programs violates his due process rights. In Claim III, Plaintiff again alleges that he has been denied access to legal materials. The complaint seeks damages and equitable relief.

No relief is available on Plaintiff's conclusory allegations in Claim I that certain entity Defendants use disciplinary proceedings pretextually to increase profits. Even *pro se* litigants must

2

have some minimal level of factual support for their claims. *See Frazier v. DuBois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990). Notwithstanding the rule of liberal reading of *pro se* pleadings, such assertions may not be merely conclusory. *See id.*; *Ronan v. Stone*, 396 F.2d 502, 503 (1st Cir. 1968) ("[claims] do not become civil rights matters by generalized, not to mention unsupported, allegations. . . ."), *quoted in Assoc. Fin. Serv. Co. of New Mexico, Inc. v. Rodriguez*, No. 93-2194, 1994 WL 209818, at \*\*1 (10th Cir. 1994). Nor is relief available on Plaintiff's claim that New Mexico statutes fail to establish rehabilitation criteria for certain types of convictions. In the absence of a statutory entitlement or specific constitutional right at stake, rehabilitative programs are not secured by the Due Process Clause. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 87 n. 9 (1976); *Christensen v. Zavaras*, No. 98-1096, 1998 WL 796123, at \*\*2 (10th Cir. Nov. 17, 1998).

Likewise, Plaintiff's allegations of lack of access to legal materials fail to support a civil rights claim. Even assuming the truth of these allegations for purposes of this opinion, Plaintiff does not allege "relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Gille v. Booher*, No. 00-6106, 2000 WL 1174612, at \*\*1 (10th Cir. Aug. 18, 2000), resulting from officials' actively interfering with his attempts to prepare and file legal documents. *See Lewis* at 350. Also, his claim of illegal indigency policies contains no allegation that his ability to litigate non-frivolous claims was prejudiced. These claims will be dismissed.

In Claim II, Plaintiff reiterates many of his allegations from Claim I. As a separate issue, he contends that a New Mexico statute, N.M. Stat. Ann. § 33-8-3 (Repl. Pamp. 1998), grants inmates a liberty interest to participate in rehabilitation programs. He implicitly asserts, therefore, that his exclusion from prison programs violates his rights under the Due Process Clause. As noted above, participation in rehabilitative programs is not secured by the Due Process Clause. *See, e.g., Moody v. Daggett*, 429 U.S. at 87 n. 9 (1976); *Christensen v. Zavaras*, 1998 WL 796123, at \*\*2. Here, the

referenced statute states, "The purpose of the Corrections Industries Act is to enhance the rehabilitation, education and vocational skills of inmates through productive involvement in enterprises and public works of benefit to state agencies and local public bodies and to minimize inmate idleness." § 33-8-3.  This language is clearly descriptive and does not "create[] a protected liberty interest by placing substantive limitations on official discretion," *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983), to allow or require prisoners to participate in programs.  Claim II of the Complaint will be dismissed.

As discussed above, no relief is available on Plaintiff's allegations in Claim III of denial of access to the courts.  The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.' " *Bounds v. Smith*, 430 U.S. 817, 828 n. 17 (1977) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)).  Plaintiff's § 1983 action may not be based on claims of an "abstract, free-standing right to a law library or legal assistance, . . . [or] that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Lewis v. Casey*, 518 U.S. at 351.  Here, Plaintiff alleges only that he cannot obtain certain unspecified materials at the prison.  Because the Constitution does not ensure the access sought by Plaintiff and he does not allege active interference with his preparation and filing of papers, the Court will dismiss Claim III.

The Court will deny Plaintiff's Motion to Correct Caption (Doc. 6) and his Motion to Adjudicate Financial Status (Doc. 7).  The motion to correct caption seeks to add a number of Defendants to the case caption.  Because the Court is dismissing all claims except for the alleged retaliatory acts of four individual Defendants, the additional Defendants will not be added.  Furthermore, because Plaintiff has been granted IFP status and has been making regular payments towards the filing fee, his motion to adjudicate financial status will be denied as moot.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Correct Caption (Doc. 6) is DENIED, and the Motion to Adjudicate Financial Status (Doc. 7) is DENIED as moot;

IT IS FURTHER ORDERED that, except for retaliation claims against Defendants Rogers, Torello, Rivera, and Vigil, Plaintiff's claims in Claim I of the Complaint are DISMISSED;

IT IS FURTHER ORDERED that Claims II and III of the Complaint are DISMISSED; and Defendants New Mexico Department of Corrections, Guadalupe County Correctional Facility, GEO Group Inc., Marcantel, Roark, Casaus, Bravo, Ulibarri, Aragon, C. Chavez, and G. Chavez are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Rodgers, Torello, Rivera, and Vigil on Plaintiff's First Amendment retaliation claims in Claim I.

_____
UNITED STATES DISTRICT JUDGE