IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES KEVIN RUPPERT,

        Plaintiff,

v.   No. CIV 13-54 JP/ACT

LIEUTENANT JUSTIN ROGERS, Security Threat
Intelligence Unit, SARGEANT TORELLA,
SARGEANT RIVERA, Disciplinary, and
LIEUTENANT J. VIGIL, Disciplinary/Grievance
Officer,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiff James Kevin Ruppert is incarcerated, appears pro se, and is proceeding in forma pauperis in this 42 U.S.C. § 1983 action. His PRISONER'S CIVIL RIGHTS COMPLAINT (Doc. No. 1) (Complaint) named fifteen Defendants and raised three claims with subparts. On July 18, 2013, the Court entered a MEMORANDUM OPINION AND ORDER (Doc. No. 14) (July 18 Opinion) dismissing various claims and eleven of the fifteen named Defendants. This Memorandum Opinion and Order addresses objections and three motions filed by Plaintiff that generally challenge the July 18 Opinion.

**Background**

In the July 18 Opinion, the Court decided that there was no relief available on a number of Plaintiff's claims, including his allegations that he was denied access to legal materials or denied access to the courts. (July 18 Opinion at 2-3.) The Court concluded, *inter alia*, that many of Plaintiff's allegations were conclusory and did not contain the minimum required level of

1

factual support.  Specific to the claim of lack of access to legal materials, the Court found that Plaintiff did not allege a "relevant actual injury" as required by *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  (*Id.* at 2-4.)

The Court dismissed all of Plaintiff's claims except the retaliation claims against Defendants Rogers, Torello, Rivera, and Vigil.  (*Id.* at 5.)  The retaliation claims proceed against these four remaining Defendants who filed an ANSWER TO PRISONER'S CIVIL RIGHTS COMPLAINT.  (Doc. No. 26) (Answer).

After entry of the Court's July 18 Opinion, Plaintiff submitted three filings in an attempt to challenge the Court's rulings:  (1) OBJECTION TO: DOC. 14 (Doc. No. 16) (Objections); (2) RULE 50(B)(2) MOTION FOR JUDGMENT AS A MATTER OF LAW; MOTION OF REDRESS UNDER RULE 50(B)(2) ON LEGALLY SUFFICIENT EVIDENCE TO ESTABLISH ADEQUATELY DENIED ACCESS.  REQUEST COURT'S OPINION OF DOC. 16 SECONDARY (SUPPLEMENTAL OBJECTIONS FOR AND OF DOC. 16 TO ESTABLISH CLEARLY-ERRONEOUS STANDARD (Doc. No. 21) (Rule 50(b) Motion); and (3) MOTION TO IMPLEMENT, PROSPECTIVE RELIEF, AND OR FINAL JUDGMENT (Doc. No. 22) (Motion for Injunctive Relief).  Defendants filed responses to Plaintiff's Rule 50(b) Motion and the Motion for Injunctive Relief.  (Doc. Nos. 24, 25.)

In addition, Plaintiff filed a MOTION FOR A MORE DEFINITE STATEMENT RULE 12(E), arguing that Defendants' Answer was vague and ambiguous and that Plaintiff was unable to prepare a responsive pleading.  (Doc. No. 27) (Rule 12(e) Motion).  Plaintiff's Rule 12(e) Motion, in part, also challenges the Court's July 18 Opinion.  (Rule 12(e) Motion at 3-5.) Defendants filed a response in opposition to the Rule 12(e) Motion.  (Doc. No. 29).

**Challenges to the July 18 Opinion**

    **I.**       **Objections (Doc. No. 16)**

Plaintiff's Objections to the July 18 Opinion, like many of his filings, are difficult to decipher.  For example, Plaintiff states:  "Job Pay so low as pod Porter its a deter[r]ence exhibit Doc. 7 Pg 12 of 14 50 cents a page deters one from pursuing any valid Grievances and barrs indigent from the Court.  One must choose between hygiene or legal cost."[1]  (Objections at 2.) Plaintiff poses this question: "So where is the right of access to the Court protected at when the Constitutionality of essential legal component is <u>Denied</u>!"  (*Id.* at 3) (emphasis in original). Plaintiff further argues:

> Dept of Corr. State of New Mexico has created policy as a threat to deter or chill constitutionally protected Speech of access to the Court.
> No legal assistance – no legal books and inmates are barred from helping each other on legal issues.
> The overbroad regulation has disciplinary sanctions to stop any adequate, effective and meaningful access to the Court.

(*Id.* at 4.)

Plaintiff summarily asserts that the "relevant actual injury" in relation to his lack of legal access claim occurred in a previous lawsuit he filed, No. CIV 09-138 MV/LFG.  (*Id.* at 5.)  Most of Plaintiff's objections are repetitive and nonsensical.  (*See id.* at 6) ("Jurisprudence of Conceptions with logical extreme to cause harm, having relentless disregard for the consequences?"); (*see id.* at 8) ("New Mexico statutes have no penalty statute for life imprisonment which create: Exceedingly rare Excrement of Constitutional Framework of principles of unreasonable application that lacks (state) Jurisdiction?").

---

[1] The Court generally did not alter the language it quotes from Plaintiff's filings with respect to grammar, capitalization, spelling, or punctuation.

The Court interprets Plaintiff's Objections as directed almost exclusively to the argument that the Court erred by dismissing Plaintiff's claim that he was denied access to courts or denied access to legal materials.

## II. Rule 50(b) Motion (Doc. No. 21)

Similar to the Objections, Plaintiff's Rule 50(b) Motion attacks the Court's July 18 Opinion. Plaintiff sets forth a series of statements or conclusory allegations that are mostly unclear and unavailing. For example, Plaintiff states that "Judgment of the Court should be declaratory Judgment of denied adequate access and actual relevant injury occurred in prior suit as stated in Doc. 16." (Rule 50(b) Motion at 2.) Plaintiff further posits "Jurisdiction of the United States District Court can require an Jurisdictional Prerequisite of the absence of an adequate factual record is determinative to the foundation of policy implied doctrine?" (*Id.*) Plaintiff also contends that "First Amendment overbreadth Principle Denied; adequate, effective and meaningful access." (*Id.* at 3.)

Under a section entitled "legal Argument," Plaintiff asserts:

> Essential elements of adversary process and or required as part of due Process afforded to individuals when government deprives the ability to litigant any civil or criminal collateral exculpatory materials to convey adequate, effective and meaningful claims of constitutional violations to the Court is simply impeded.
>
> The Penological fails to Comply with 28 U.S.C. 415 and uses fraud of inducement and or intrusic fraud to avoid 28 U.S.C. 45a Definitions to Create active interference with denial of any legal supplies.

Plaintiff's position is almost unintelligible but the Rule 50(b) Motion, like the Objections, primarily challenges the Court's dismissal of the denial of legal access claim. (*See* July 18 Opinion at 3.)

### III.     Motion for Injunctive Relief (Doc. No. 22)

Plaintiff's Motion for Injunctive Relief states that it "should be constructed under 18 U.S.C. § 3626."  That statute pertains to requests for preliminary relief in a civil action regarding prison conditions.  *See Stephens v. Jones*, 494 F. App'x 906, 911-12 (10th Cir. Aug. 21, 2012) (unpublished).  Plaintiff sets forth arguments concerning "hands on access to legal books" and the costs of photocopying legal documents and legal postage.  (Motion for Injunctive Relief at 3.)  Plaintiff requests relief "to safeguard the Constitutional right of Due process with adequate, effective and meaningful access to the Court to keep prison officials, administration . . . from ever trying to create roadblocks . . . to frustrate the incarcerated men's access to the Court . . . ." (*Id.* at 4.)  ).  Similar to the Objections and the Rule 50(b) Motion, the Motion for Injunctive Relief alleges denial of access to legal materials.

While requesting injunctive relief, the Court construes the Motion for Injunctive Relief as a challenge to the Court's July 18 Opinion.  The Motion for Injunctive Relief reargues positions that the Court already rejected when it dismissed the denial of legal access claim.

### IV.     Rule 12(e) Motion (Doc. No. 27)

Plaintiff expressly asks the Court to direct Defendants to provide a more definite statement of the defenses in Defendants' Answer so that Plaintiff can prepare a responsive pleading.  (Rule 12(e) Motion at 2.)  However, in addition, Plaintiff reargues his position concerning the claims that the Court already dismissed and further requests the Court to "reevaluate to serve summons on listed parties (caption)." (*Id.* at 6.)  Thus, the Rule 12(e) Motion is another challenge to the July 18 Opinion.

**Discussion**

A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff characterizes these filings to be Objections, a Rule 50(b) Motion, a Motion for Injunctive Relief, and a Rule 12(e) Motion. However, a pro se plaintiff's characterization of his claims or argument is not dispositive, and the Court is not constrained by the pro se litigant's identification of his filings. *See Roman-Nose v. New Mexico Dep't of Human Servs.*, 967 F.2d 435, 436-37 (10th Cir. 1992).

This is particularly true where no rules authorize filing objections to the Court's July 18 Opinion. In addition, Fed. R. Civ. P. 50(b)(2) contemplates the filing of a motion for judgment after trial. Plaintiff has not had a trial in this civil rights proceeding, and no judgment has been entered. Thus, there is no basis to file a Rule 50 motion. With respect to Plaintiff's Motion for Injunctive Relief, he asks the Court to implement prospective relief on a claim that the Court already dismissed. (*See* July 18 Opinion at 3.) Plaintiff cannot seek prospective injunctive relief on a claim that was dismissed. Moreover, Rule 12(e) does not authorize Plaintiff's request that the Court revisit its rulings in the July 18 Opinion.

Plaintiff might have intended for the Court to reconsider its July 18 Opinion in accordance with Fed. R. Civ. P. 59 or 60. Rules 59 and 60 authorize filing motions that attack the Court's entry of judgment. Because the Court's July 18 Opinion was not a final judgment, the Court will not construe the Objections, the Rule 50(b) Motion, the Motion for Injunctive Relief, or the Rule 12(e) Motion as requests for reconsideration.

Plaintiff's filings are nothing more than interlocutory motions that seek to invoke the district court's general discretionary authority to review and revise interlocutory rulings prior to

the entry of final judgment.  *See Guttman v. New Mexico*, 325 F. App'x 687, 690 (10th Cir. Apr. 28, 2009) (unpublished).  After careful review of the pertinent law, the filings, and the exhibits, the Court finds no basis to set aside or modify its July 18, 2013 Opinion.  Similar to the Complaint, Plaintiff's Objections and the three Motions provide nothing more than conclusory and unsupported allegations.  None of the filings provide any grounds to reinstate claims or Defendants that the Court already dismissed.  Therefore, the Court will overrule the Objections, deny the Rule 50(b) Motion, deny the Motion for Injunctive Relief, and deny the portion of the Rule 12(e) Motion that requested the Court to revisit the rulings in its July 18 Opinion.

Regarding Plaintiff's Rule 12(e) request that the Court require Defendants to clarify their Answer, the Court will deny that request.  Rule 12(e) envisions a defendant requesting a more definite statement of a complaint rather than a plaintiff asking for clarification of an answer.  Rule 12(e) provides that a party "may move for a more definite statement of a pleading *to which a responsive pleading is allowed* but which is so vague or ambiguous that the party cannot reasonably prepare a response.  Fed. R. Civ. P. 12(e) (emphasis added).  There is no responsive pleading allowed with respect to Defendants' Answer.  Thus, Rule 12(e) does not support Plaintiff's request.  Also, after a review of the Answer, the Court finds it neither vague nor ambiguous.   Accordingly, the Court will deny Plaintiff's Rule 12(e) Motion.

Moreover, while Plaintiff states that he intends to file a responsive pleading to the Answer, Rule 7(a) does not permit a reply to an answer unless the Court orders that a reply be filed.  Fed. R. Civ. P. 7(a)(7).  The Court will not authorize a reply to the Answer.

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's OBJECTION[S] TO: DOC. 14 (Doc. No. 16) are OVERRULED and DENIED;

(2) Plaintiff's RULE 50(B)(2) MOTION FOR JUDGMENT AS A MATTER OF LAW; MOTION OF REDRESS UNDER RULE 50(B)(2) ON LEGALLY SUFFICIENT EVIDENCE TO ESTABLISH ADEQUATELY DENIED ACCESS. REQUEST COURT'S OPINION OF DOC. 16 SECONDARY (SUPPLEMENTAL OBJECTIONS FOR AND OF DOC. 16 TO ESTABLISH CLEARLY-ERRONEOUS STANDARD (Doc. No. 21) is DENIED;

(3) Plaintiff's MOTION TO IMPLEMENT, PROSPECTIVE RELIEF, AND OR FINAL JUDGMENT (Doc. No. 22) is DENIED;

(4) Plaintiff's MOTION FOR A MORE DEFINITE STATEMENT RULE 12(E) (Doc. No. 27) is DENIED; and

(5) Plaintiff's request to file a reply to the Answer is DENIED.

_____
SENIOR UNITED STATES DISTRICT COURT JUDGE