IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES KEVIN RUPPERT,

      Plaintiff,

v.                                                                                    CV 13-0054 JAP/WPL

JUSTIN RODGERS, SECURITY THREAT
INTELLIGENCE UNIT; LIEUTENANT J. VIGIL,
DISCIPLINARY/GRIEVANCE OFFICER;
SARGEANT RIVERA, DISCIPLINARY; and
SARGEANT TORELLA,

      Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

This matter is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 56) and James Kevin Ruppert's objections thereto (Doc. 60). Having conducted a de novo review, the Court finds Ruppert's objections to be without merit for the reasons set forth below.

**I.     Ruppert's Motions**

The Magistrate Judge recommended denial of Ruppert's "Motion of Redirect Side Barr Notation on Life Sentence" on the basis that the motion simply sought readjudication of matters that the Court has previously addressed multiple times. In his objections, Ruppert agrees that he was simply raising "prior objections on life imprisonment." (*See* Doc. 60 at 5.) Indeed, the first several pages of Ruppert's objections (*see id.* at 2-5) are aimed entirely at claims previously dismissed by the Court (*see* Doc. 14). Despite several attempts by Ruppert to have the Court exercise its discretionary authority to revise its previous rulings (*see* Doc. 16; Doc. 21; Doc. 22;

Doc. 27; Doc. 44), the Court has already clearly and repeatedly refused these requests (*see* Doc. 42; Doc. 55). Having reviewed the matter de novo, the Court finds no error in the Magistrate Judge's analysis regarding this filing, and thus Ruppert's objections as to the denial of this motion are overruled.

The Magistrate Judge also recommended denial of Ruppert's Motion for Judgment on the Pleadings, concluding that Ruppert had failed to show that he is entitled to judgment in his favor if the allegations in Defendants' answer are accepted as true. Ruppert does not address the Magistrate Judge's reasoning; he merely accuses the Court of harboring a desire to ignore his claims (*see* Doc. 60 at 9) and asserts in a conclusory fashion that his motion is well-pleaded (*see id.* at 11). The Court is persuaded by the Magistrate Judge's reasoning and agrees that Ruppert did not meet his burden of demonstrating that he is entitled to judgment on the pleadings. The Court therefore overrules Ruppert's objections on this issue.

## II.   Defendants' Motions

Although Defendants moved that the Court strike Ruppert's response to their summary judgment motion as untimely, the Magistrate Judge recommended denial of this request. Ruppert apparently continues to object that his response was only untimely because he did not know that a response was required. (*Id.* at 8.) Because the Magistrate Judge denied the relief requested by Defendants in this motion, the Court overrules Ruppert's objection as moot.

The Magistrate Judge then proceeded to consider Defendants' motion for summary judgment (along with Ruppert's response), concluding that there was no genuine issue of material fact as to Ruppert's claims and that Defendants are entitled to judgment as a matter of law. Ruppert's objections to this finding essentially break down into two categories. First, Ruppert continues to offer conclusory allegations and statements of belief that evidence and

testimony could have been fabricated or destroyed. (*See id.* at 6-7, 8, 9, 10.) The Magistrate Judge correctly concluded that Ruppert's assertions to this effect have no probative value at summary judgment. *See Argo v. Blue Cross & Blue Shield*, 452 F.3d 1193, 1200 (10th Cir. 2006). The Magistrate Judge also correctly recognized that Ruppert has not presented any evidence creating a genuine issue of material fact as to whether documents or testimony had been falsified. Moreover, even if it were shown that some evidence had been destroyed or fabricated, the Magistrate Judge appropriately concluded that Ruppert had failed to demonstrate that such actions were "substantially motivated as a response to [his] protected conduct." *See McBeth v. Himes*, 598 F.3d 708, 717 (10th Cir. 2010) (quotation omitted) (discussing the elements of a First Amendment retaliation claim).

Second, Ruppert asserts that his First Amendment retaliation claims can only be resolved after he has been allowed to engage in discovery to gather evidence in support of these claims. (*See* Doc. 60 at 10.) This objection misunderstands the nature of summary judgment motions. Even if the undisputed facts before the Court are construed in the light most favorable to the non-movant—in this case, Ruppert—summary judgment may still be appropriate if there remains no genuine dispute of material fact. Here, the Magistrate Judge appropriately construed the facts in the light most favorable to Ruppert before determining that Ruppert had nonetheless failed to offer specific facts or evidence to support his claims, *see Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) (citation omitted), and that Defendants are therefore entitled to judgment as a matter of law. Additionally, Ruppert has failed to identify any probable facts not available to him that would justify allowing additional discovery before the Court considers the pending summary judgment motion. *See* Fed. R. Civ. P. 56(d); *Libertarian Party of N.M. v. Herrera*, 506 F.3d

1303, 1308 (10th Cir. 2007) (noting that a party opposing summary judgment may not invoke Rule 56(d) "by simply stating that discovery is incomplete").

Having fully reviewed the matter de novo, the Court agrees with the Magistrate Judge's findings and recommended disposition as to Defendants' motion for summary judgment. Accordingly, Ruppert's objections here are overruled.

IT IS THEREFORE ORDERED that:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 56) are adopted by the Court;

2) Ruppert's "Motion of Redirect Side Barr Notation on Life Sentence" (Doc. 40) is DENIED;

3) Ruppert's Motion for Judgment on the Pleadings (Doc. 39) is DENIED;

4) Defendants' motion to strike (Doc. 34) is DENIED;

5) Defendants' motion for summary judgment (Doc. 30) is GRANTED; and

6) this cause is dismissed with prejudice.

*/s/ James A. Parker*
UNITED STATES DISTRICT JUDGE